IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cr-00186-MHT |
| | ) | (WO) |
| YVETTE TEMPLE | ) | |

**PRELIMINARY ORDER OF
FORFEITURE FOR SUBSTITUTE ASSETS**

Before the court is the government's motion for a preliminary order of forfeiture for approximately $ 8,054.49 in funds captured through the Treasury Offset Program (TOP), as well as any other federal payments owed to the defendant and captured through the TOP, as substitute assets in partial satisfaction of the defendant's $ 20,353.04 forfeiture money judgment.

Being fully advised of the relevant facts, the court hereby finds that, pursuant to 18 U.S.C. § 982(a)(2)(A) and Rule 32.2(b)(2), the court entered a forfeiture money judgment (Doc. 161) against the defendant in the amount of $ 20,353.04.

The court further finds that, thus far, $ 9,236.28 has been applied to the defendant's forfeiture money judgment.

The court further finds that the government was notified of approximately $ 8,054.49 in funds, captured through the TOP, that are available for application to the defendant's forfeiture money judgment.

The court further finds that the government complied with the notice requirement as set forth in 31 U.S.C. § 3720A(b)(2), and no objection was received from the defendant within 60 days. Moreover, the defendant agreed to the forfeiture of substitute assets in her plea agreement. *See Plea Agreement* (Doc. 44) at 8, para. 29.

Accordingly, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that for good cause

shown, the government's motion (Doc. 175) is granted.

It is **FURTHER ORDERED** that:

(1) Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2(e)(1)(B), the TOP offset of approximately $ 8,054.49, as well as any future TOP offsets captured, are hereby forfeited to the United States for disposition according to law. The net proceeds of the forfeited property shall be credited towards the defendant's forfeiture money judgment. The government shall provide an annual accounting to this court, outlining all payments received through the TOP and applied to the defendant's forfeiture money judgment, and updating the court on the defendant's forfeiture money judgment balance.

(2) The government will provide written notice to all third parties known to have an alleged legal interest in the assets and will publish notice on the internet at www.forfeiture.gov.

(3) Any person, other than Yvette Temple, who has or claims any right, title, or interest in the assets must file a petition with this court for a hearing to adjudicate the validity of their alleged interest in the assets. The petition should be mailed to United States Court for the Middle District of Alabama (the United States District Court Clerk, One Church Street, Room B-110, Montgomery, Alabama 36104), within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

(4) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the assets and any additional facts surrounding the petitioner's claim and the relief sought.

(5) After receipt of such a petition by the court, the court will set a hearing to determine the validity of the petitioner's alleged interest in the assets.

5#

(6) Upon adjudication of all third-party interests in the assets, this court will enter a final order of forfeiture in which all interests will be addressed.

The court retains jurisdiction to address any third-party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

DONE, this 27th day of May, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

6#